IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-03130-GPG

BYRON TYROME TODD,

    Applicant,

v.

HANSEN, et al.,

    Respondents.

---

## ORDER OF DISMISSAL

---

Applicant, Byron Tyrome Todd, is a prisoner in the custody of the Colorado Department of Corrections. Mr. Todd initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1). On February 5, 2018, Mr. Todd filed an amended application (ECF No. 7). In the amended application Mr. Todd challenges the execution of his sentence with respect to good and earned time credits and parole.

On February 7, 2018, Magistrate Judge Gordon P. Gallagher ordered Respondent to file a Preliminary Response that addresses the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state remedies if Respondent intends to raise either or both of those defenses in this action. On March 2, 2018, Magistrate Judge Gallagher issued a second order directing Respondent to file a Preliminary Response. On March 27, 2017, Respondent filed a Preliminary Response (ECF No. 21) arguing that this action should be dismissed for failure to exhaust state remedies. On April 18, 2018,

Mr. Todd filed a motion (ECF No. 24) asking the Court to appoint an amicus curie to present oral argument on his behalf. On April 19, 2018, Mr. Todd filed a Motion for Evidentiary Hearing (ECF No. 22) and a motion to reconsider (ECF No. 23) in which he argues he has exhausted all available administrative and state court remedies. Mr. Todd also argues that Respondent waived the right to raise an affirmative defense because the Preliminary Response was filed out of time. The Court will accept the Preliminary Response and consider the affirmative defense raised by Respondent.

The Court must construe the amended application and other papers filed by Mr. Todd liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action for failure to exhaust state remedies.

Although the precise claims Mr. Todd is asserting are not entirely clear, it is clear that he is challenging the execution of his sentence with respect to good and earned time credits and parole. The Court construes the amended application liberally as asserting federal constitutional claims. As relief Mr. Todd asks seeks correct application and restoration of good and earned time credits, an order directing the DOC to reverse disciplinary actions and stop punishing and misclassifying him based on fabricated evidence, an apology, and immediate release to either parole or community corrections.

Mr. Todd may not assert any constitutional claims challenging the execution of his sentence in a habeas corpus action in federal court unless he has exhausted state court

remedies. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). The exhaustion requirement is satisfied once the federal claims have been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issues be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing he has exhausted all available state remedies for each particular claim. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). A blanket statement that state remedies have been exhausted does not satisfy this burden. *See Olson v. McKune*, 9 F.3d 95 (10th Cir. 1993); *see also Fuller v.*

*Baird*, 306 F. App'x 430, 431 n.3 (10th Cir. 2009) (stating that a bald assertion unsupported by court records is insufficient to demonstrate state remedies are exhausted).

Mr. Todd fails to demonstrate he has fairly presented his claims to the highest state court. Whatever grievances or other administrative remedies he has pursued do not satisfy the requirement that he fairly present each federal constitutional claim to the state courts. Mr. Todd does allege that he filed an action in the Fremont County District Court. However, even assuming he asserted one or more federal constitutional claims in that action that are relevant to his claims in this action, he did not fairly present those claims to the state's highest court by filing an action in state district court. Respondent concedes that Mr. Todd has filed a direct appeal in one of his criminal cases that remains pending. However, a direct criminal appeal that is not even final does not demonstrate Mr. Todd has fairly presented to the state's highest court the claims he is asserting in this action challenging the execution of his sentence.

Finally, Mr. Todd contends he has exhausted state remedies by filing one or more original proceedings in the Colorado Supreme Court. However, even assuming he raised in the original proceedings the same federal constitutional claims he is asserting in this action, he still fails to demonstrate the claims were fairly presented to the Colorado Supreme Court. If a "claim has been presented [to the state's highest court] for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor, . . . [r]aising the claim in such a fashion does not, for the relevant purpose, constitute fair presentation." *Castille*, 489 U.S. at

351; *see also Parkhurst v. Shillinger*, 128 F.3d 1366, 1369 (10th Cir. 1997) (state procedure that is discretionary and limited in scope does not constitute fair presentation). The Colorado Supreme Court, in its discretion, may decline to address the merits of claims asserted in an original petition for an extraordinary writ.   *See* Colo App. R. 21; *see also Rogers v. Best*, 171 P.2d 769, 770 (Colo. 1946).   Furthermore, relief under Rule 21 "shall be granted only when no other adequate remedy, including relief available by appeal or under C.R.C.P. 106, is available."   C.A.R. 21(a)(1).   As a result, the denial of an original petition for an extraordinary writ by the Colorado Supreme Court does not indicate that the court has considered the merits of the argument.   *See Bell v. Simpson*, 918 P.2d 1123, 1125 n.3 (Colo. 1996).

The instant action will be dismissed without prejudice for failure to exhaust state remedies.   The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.   *See Coppedge v. United States*, 369 U.S. 438 (1962).   If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.   Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 7) are denied and the action is dismissed without prejudice for failure to exhaust state court remedies.   It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.   It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.   It is

FURTHER ORDERED that the pending motions are denied.

DATED at Denver, Colorado, this   24th   day of      April      , 2018.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court